**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**
**1:25-CV-00155-CLC-CHS**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** **the STATE OF NORTH CAROLINA and** **the STATE OF TENNESSEE,** *ex rel.* **ALANA SULLIVAN and J. BRITTON TABOR,** **Plaintiffs,** **v.** **MURPHY MEDICAL CENTER, INC.** **d/b/a ERLANGER WESTERN CAROLINA HOSPITAL and CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a ERLANGER HEALTH SYSTEM, d/b/a ERLANGER MEDICAL CENTER,** **Defendants.** | |

## JOINT REPORT OF DISCOVERY PLANNING CONFERENCE

The United States of America (the "United States") and Relators Alana Sullivan and J. Britton Tabor ("Relators") (collectively, "Plaintiffs") and Murphy Medical Center, Inc. d/b/a Erlanger Western Carolina Hospital and Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System and Erlanger Medical Center (collectively, "Erlanger" or "Defendants") submit this Joint Report of the Parties' Discovery Planning Conference pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order of March 24, 2026 (ECF No. 133). The conference took place telephonically on April 28, 2026, and was attended by the following counsel: Robert C. K. Boyd and Holly H. Snow, Counsel for the United States; Marlan B. Wilbanks, Susan S. Gouinlock, Scott C. Withrow, and Charles H. Rabon, Jr., Counsel for Relators; and Brian D.

Roark, Hannah E. Webber, and Robert Salcido, Counsel for Defendants. As a result of the conference, the Parties respectfully submit this report outlining their proposed discovery plan and request that the Court resolve two competing proposals to the discovery plan, found *infra*, page 6.

**A.      Subjects of Discovery**

The Parties have prepared the following topics on which they anticipate conducting discovery.

The United States anticipates that its discovery will include the following subjects:

- Erlanger's strategy to improve its financial performance through employed physicians; changes to its physician compensation structure, oversight, and controls; and tracking of internal and external referrals by employed physicians.

- Erlanger's control of academic appointments and funding of academic salaries to Erlanger physicians, and the extent to which academic services by Erlanger physicians were tracked or evaluated.

- Erlanger's knowledge of the Stark Law and awareness of risks of noncompliance with the Stark Law in its financial relationships with its employed physicians.

- Erlanger's awareness of and response to concerns relating to its compensation to employed physicians, including information in the possession of Erlanger's executives, Board of Directors, Officer's Council, physician contract/compensation committee, and the Compliance, Audit, and Quality departments.

- Information bearing on whether compensation to seventeen (17) currently or formerly employed physicians exceeded fair market value, including compensation and benefits prior to and during their employment with Erlanger; internal and outside consultant fair

2

market value analyses; and complaints, investigations, audits, and reviews of the physicians' billing, wRVUs, quality of care, and job performance.

- The amount that Medicare paid to Erlanger for claims referred by employed physicians during time periods in which Erlanger's compensation to those physicians exceeded fair market value.

The Relators anticipate that their discovery will include the following subjects:

- Erlanger's strategy to offer or pay remuneration, directly or indirectly, overtly or covertly, to non-employed physicians to induce referrals to Erlanger for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program.

- Erlanger's strategy to improve its financial performance through non-employed physicians; changes to its physician compensation structure, oversight, and controls; and tracking of internal and external referrals by non-employed physicians.

- Erlanger's involvement in UT COM academic appointments and/or funding of academic salaries provided to non-employed physicians at UT COM.

- Tracking, valuation, and/or commercial reasonableness of 1) academic services purportedly provided to UT COM by non-employed physicians receiving Erlanger finds through UT COM; and 2) the supervision of residents serving at Erlanger's Baroness Hospital performed by non-employed physicians.

- Erlanger's knowledge of the Stark Law and the Anti-Kickback Statute ("AKS") and awareness of risks of noncompliance with the Stark Law and AKS in its relationships with its non-employed physicians.

3

- Erlanger's awareness of and response to concerns relating to its remuneration paid to non-employed physicians, including information in the possession of Erlanger's executives, Board of Directors, Officer's Council, physician contract/compensation committee, and the Compliance, Audit, Finance, Billing and Quality departments.

- Information bearing on whether remuneration offered or paid to certain non-employed physicians was consistent with fair market value in arm's-length transactions, was commercially unreasonable, and/or took into account the volume or value of referrals or other business generated between the parties; internal and outside consultant fair market value and commercial reasonableness analyses; and audits, reviews, or evaluations of the volume or value to Erlanger of referrals by non-employed physicians.

- The financial and professional relationships between and among Erlanger, UT COM and USA Physicians (as defined in Relators' Second Amended Complaint (Doc. 119)).

- Remuneration paid in cash or in kind by Erlanger to non-employed physicians and/or to their practice groups.

- Financial considerations involved in Erlanger's hiring of physicians and its contracting with non-employed physicians.

- The amounts that all Government Payers paid to Erlanger for claims referred by non-employed physicians during time periods in which Erlanger's remuneration paid to those non-employed physicians violated the Stark Law and/or AKS.

The Defendants anticipate that their discovery with respect to the United States' claims will include the following subjects:

4

- The government's contention that Erlanger's compensation to identified employed physicians exceeded fair market value, and other elements of the employment exception to the Stark Law.

- Any guidance, directives, or other pronouncements from the government, or lack thereof, relating to the fair market value and commercial reasonableness of physician compensation arrangements, including any discussion or lack thereof relating to acceptable methodologies or metrics for determining fair market value or commercial reasonableness.

- The extent of any damages sustained by the United States as a result of any alleged violation of the Stark Law.

- Each Relator's participation in approving the compensation arrangements that the government contends violate the Stark Law.

- Relators' complaints, or lack thereof, with respect to any compensation arrangement that the government contends violates the Stark Law.

- Relator Tabor's participation in setting or approving Erlanger's support payments to the University of Tennessee Health Science Center ("UTHSC") and UTHSC's discretionary allocation and use thereof.

- The reasons or rationale physicians had to make referrals to Erlanger.

**Erlanger objects** to discovery regarding Relators' claims pending the Court's ruling on Erlanger's Motion for Interlocutory Appeal and to Stay (Dkts. 134 & 135). Erlanger's position is that Relators and Erlanger proceed, or not, with their Rule 26(f) obligations once the Court has determined whether discovery will be stayed pending resolution of Erlanger's Motion for Interlocutory Appeal.

5

**B.  Proposed Schedule**

The parties jointly submit the following proposed schedule for discovery and litigation.

- Initial disclosures required by Federal Rule of Civil Procedure 26(a)(1):  **May 26, 2026**

    o Erlanger's Rule 26(a)(1)(C) Objection: As stated during the parties' Rule 26(f) conference, **Erlanger objects** to making Initial Disclosures to Relators pending resolution of Erlanger's Motion for Interlocutory Appeal and to Stay (Dkts. 134 & 135).  Erlanger has no objection to making Initial Disclosures to the United States by May 26, 2026, as agreed.

- Motions to join additional parties or amend pleadings:  **45 days from the entry of scheduling order.**

- Expert disclosures required by Federal Rule of Civil Procedure 26(a)(2):

    o Plaintiff:  **February 26, 2027**

    o Defendant:  **April 26, 2027**

**Plaintiffs propose the following language related to expert disclosures**: Plaintiffs reserve their right to disclose rebuttal expert testimony within 60 days of Defendants' disclosure of any expert testimony that is broader in scope than the expert testimony disclosed by Plaintiffs.

**Defendants propose the following language related to expert disclosures**: The Parties reserve the right to request to disclose additional rebuttal expert testimony if consistent with the Federal Rules of Civil Procedure and the Court's Rules.

- Discovery complete:

**Plaintiffs propose** that discovery would be complete on **July 30, 2027.**

**Defendants propose** that discovery would be complete on **June 25, 2027.**

- Daubert and dispositive motions:  **September 24, 2027**

- o <u>Responses:</u> **October 29, 2027**

- o <u>Replies:</u> **November 12, 2027**

- <u>Pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3):</u> **January 10, 2028**

  - o <u>Objections:</u> **January 24, 2028**

- <u>Motions in limine, voir dire, jury instructions, and verdict form:</u> **January 17, 2028**

  - o <u>Objections:</u> **February 4, 2028**

- <u>Final pretrial conference:</u> **February 18, 2028**

- <u>Jury trial:</u> **March 6, 2028**

**C. Electronically Stored Information**

The Parties have generally discussed electronically stored information (ESI) that may be disclosed or discovered in this case and specifications for production of ESI. They have agreed to continue to communicate as appropriate and necessary throughout the litigation to resolve any technical or other issues that may arise in connection with production of ESI. The Parties have agreed that they will continue to take appropriate and timely steps to preserve electronically stored information that is relevant to the litigation.

**D. Privilege Issues**

The Parties will comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claiming privilege and protecting trial-preparation materials. The Parties expect to file a joint motion for entry of a stipulated protective order containing a "clawback" provision pertaining to inadvertent disclosure of privileged documents.

7

**E.** **Changes to Discovery Limitations**

The Parties have agreed that the United States may take up to 10 non-expert depositions, the Relators may take up to 10 non-expert depositions, and the Defendants may take up to 20 non-expert depositions. The Parties reserve their rights to request any additional fact depositions that they determine to be necessary as litigation progresses and to seek leave of Court for additional fact depositions if they are unable to reach agreement with the Parties on those additional depositions.

**F.** **Other Orders**

The Parties expect to file a joint motion for entry of a stipulated protective order to protect the confidentiality of individually identified health information.

**G.** **Magistrate Judge**

The parties do not consent to have a United States Magistrate judge conduct all further proceedings in this case.

**H.** **Possibility of Settlement**

The United States and Erlanger have previously engaged in unsuccessful discussions regarding settlement. Although the Parties remain open to discussing settlement at appropriate junctures, the feasibility of settlement at this juncture is unknown.

8

Dated this 12th day of May, 2026.

**BRETT SHUMATE**
ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

**RUSS FERGUSON**
UNITED STATES ATTORNEY

**/s Holly H. Snow**
Holly H. Snow
Special Assistant United States Attorney
(Acting Under Authority Conferred by 28 U.S.C.
§ 515)
N.C. Bar No. 33996
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202
Phone: (704) 338-3142
Fax: (704) 227-0248
Email: Holly.H.Snow@usdoj.gov

ROBERT C. K. BOYD
Attorney, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-4139
Fax: (202) 305-7797
Email: Robert.C.Boyd@usdoj.gov

*Counsel for the United States*

9

**/s/ Marlan B. Wilbanks**
Marlan B. Wilbanks *(pro hac vice)*
Susan S. Gouinlock *(pro hac vice)*
WILBANKS AND GOUINLOCK, LLP
3379 Peachtree Rd., NE, Suite 700
Atlanta, GA 30326
(404) 842-1075
ssg@wilbanksgouinlock.com
mbw@wilbanksgouinlock.com

Scott C. Withrow *(pro hac vice)*
WITHROW, MCQUADE & OLSEN, LLP
3379 Peachtree Road, Suite 970
Atlanta, GA 30326
(404) 814-0037
swithrow@wmolaw.com

Charles H. Rabon, Jr. *(pro hac vice)*
*RABON LAW FIRM, PLLC*
413 S. Sharon Amity Rd, Suite C
Charlotte, NC 28211
(704) 247-3247
crabon@usfraudattorneys.com

Jerry E. Martin (TBPR No. 020193)
Seth M. Hyatt (TPBR No. 031171)
BARRETT JOHNSTON
MARTIN & GARRISON PLLC
200 31st Ave. N
Nashville, TN 37203
Telephone: (615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

*Counsel for Relators Alana Sullivan and
J. Britton Tabor*

10

*/s/ Brian D. Roark*
Brian D. Roark (BPR No. 020262)
Molly K. Ruberg (BPR No. 033957)
Taylor M. Sample (BPR No. 034430)
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200
broark@bassberry.com
mruberg@bassberry.com
taylor.sample@bassberry.com

Robert Salcido *(Admitted PHV)*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Tower
2001 K Street NW
Washington, DC 20006
(202) 887-4095
rsalcido@akingump.com

*Counsel for Defendants*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I electronically filed this Report via the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**s/Holly H. Snow**
Special Assistant United States Attorney

12