UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ALANA SULLIVAN, *as Relator on behalf* )
*of the United States of America, the State of* )
*North Carolina and the State of Tennessee,* )
*et al.*, )
           )      Case No. 1:25-cv-155
           )
        *Plaintiffs,* )      Judge Curtis L. Collier
           )
v. )      Magistrate Judge Christopher H. Steger
           )
MURPHY MEDICAL CENTER, INC., d/b/a )
ERLANGER WESTERN CAROLINA )
HOSPITAL, *et al.*, )
           )
        *Defendants.* )

## M E M O R A N D U M

Before the Court is a motion by Defendants Chattanooga-Hamilton County Hospital

Authority d/b/a Erlanger Medical Center and Erlanger Health System, Murphy Medical Center,

Inc. d/b/a/ Erlanger Western Carolina Hospital, and Erlanger Health ("Defendants") to certify an

interlocutory appeal from the Court's March 9, 2026, Memorandum and Order (Docs. 128, 129)

denying Defendants' motion to dismiss Relators' Second Amended Complaint. (Doc. 134.)

## I.      BACKGROUND

On July 11, 2025, Defendants filed a motion to dismiss Relators' Second Amended

Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Doc. 121.) The Court

denied the motion on March 9, 2026, finding that Relators' allegations stated a plausible claim for

relief. (Docs. 128–129.) In that opinion, the Court made several findings, two of which are at issue

here. The Court found that Relators had adequately pleaded presentment even though the claim

was submitted to a private Medicare Advantage Organization ("MAO") instead of directly to

Medicare. (Doc. 128 at 20–23.) The Court also found, in the alternative, that even if the specific

representative claim Relators laid out was insufficient, the set of facts here falls under the exception outlined in *United States ex rel. Prather v. Brookdale Senior Living Communities., Inc.*, 838 F.3d 750, 769 (6th Cir. 2016) ("the *Prather* exception") because Relators had specific personal knowledge of billing practices. (*Id.* at 23–24.)

On April 7, 2026, Defendants filed a motion to certify an interlocutory appeal from the Court's denial of their motion to dismiss pursuant to 28 U.S.C § 1292(b). (Doc. 134). Defendants identify two pleading-stage issues for certification. These are:

> (1) Whether claims presented to a private insurer under a Medicare Advantage Plan can satisfy the presentment requirement for purposes of Rule 9(b)?
> (2) Whether the scope of Prather's "relaxed" pleading standard extends to cases where the relator claims to have personal knowledge regarding the defendants' billing practices but cannot, unlike in Prather itself, identify and describe a "claim" for payment that could result in FCA liability?

(Doc. 135 at 3.) Relators responded in opposition (Doc. 137), and Defendants replied (Doc. 141).

## II.      STANDARD OF REVIEW

As a threshold matter, interlocutory appeals in the federal system are generally disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-74 (1981); *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Exceptions to the final judgment rule, embodied in 28 U.S.C. § 1291, exist, but typically require exceptional circumstances. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The party seeking an interlocutory appeal bears the burden of demonstrating these exceptional circumstances. *Coming Up v. City & Cnty. of San Francisco*, 857 F. Supp. 711, 718 (N.D. Cal. 1994). "Attractive as it may be to refer difficult matters to a higher

court for advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980, at *3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp,* 23 F.3d 1022, 1026 (6th Cir. 1994)). "Review under § 1292(b) should be the exception, granted only in an extraordinary case." *In re Auto Parts Antitrust Litig.*, No. 19-0106, 2019 U.S. App. LEXIS 14014, at *2 (6th Cir. May 9, 2019).

The moving party bears the burden of demonstrating the challenged order satisfies three concurrent statutory prongs: (1) a controlling question of law, (2) a substantial ground for difference of opinion, and (3) material advancement of the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

## III.    DISCUSSION

The Court, when analyzing the sufficiency of the complaint in its March 9, 2026, Memorandum and Order, made two findings: that Relators sufficiently pleaded their claim under the heightened Rule 9(b) standard, and, even if they did not, Relators are entitled to a relaxed 9(b) standard under the *Prather* exception because they had sufficient personal knowledge of Defendants' billing practices. (Doc. 128 at 24.) Both were independent grounds for the sufficiency of the complaint. Either one is controlling. If only one of these grounds presents an appropriate question for certification, certifying that question will not materially reverse the outcome of the case unless the other question is also certified. Therefore, either both questions must be certified, or neither may be certified. For this reason, the Court analyzes the *Prather* exception first. Because the question regarding the *Prather* exception should not be certified, the Court declines to address whether the question regarding claims submitted to an MAO should be certified.

The Court finds that all three statutory prongs of 28 U.S.C. § 1292(b) cut against certifying the question about the scope of the *Prather* exception.

### A. Whether the order presents a controlling question of law appropriate for certification

First, the order does not present a controlling question of law appropriate for certification. A question certified for appeal must involve a question of pure law, not fact. In the context of interlocutory review, "[a] 'question of law' does *not* mean the application of settled law to disputed facts." *Ryan v. Flowserve Corp.,* 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)). Interlocutory review is not appropriate for the "case-specific question of 'whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Dobronski v. CHW Grp. Inc.,* No. 24-cv-11649, 2025 U.S. Dist. LEXIS 216133, at *4 (E.D. Mich. Nov. 3, 2025) (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (2016)). "The test for whether a question of law is 'controlling' overlaps with the second criteria for granting an interlocutory appeal, that is, whether resolution of the issue on appeal could materially affect the outcome of the litigation." *Energy Mich., Inc. v. Scripps*, No. 20-12521, 2022 U.S. Dist. LEXIS 56973, at *5 (E.D. Mich. Mar. 28, 2022) (citing *Eagan v. CSX Transp., Inc.,* 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003)). "While interlocutory appeals may be 'frequently . . . allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law,' they are infrequently granted when the question is 'a mere matter of properly pleading a claim sought to be brought within a recognized and generally sufficient legal theory.'" *Dobronski*, 2025 U.S. Dist. LEXIS 216133, at *3–4 (quoting Edward H. Cooper, 16 Fed. Prac. & Prod. § 3931 (3d ed.)).

Defendants argue that "there is no case where the *Prather* exception has been applied when the alleged false certification … has no impact on federal payment and hence does not constitute a 'claim' for purposes of the FCA." (Doc. 135 at 10.) Therefore, they argue this question should be certified to the Court of Appeals. (*Id.* at 10–11) The court rejects this argument for two reasons.

4

First, the scenario alleged is, as a matter of law, not the case here; and second, even if true, the question presented would be an application of law to fact rather than a question of pure law.

The scenario that Defendants allege—where the false certification has no impact on federal payment and therefore does not constitute a claim—cannot be the case here because this argument goes to materiality, not presentment. The question essentially asks whether the *Prather* exception may apply even if the alleged false certification was not material. Defendants acknowledge this in their brief but argue,

> This distinction is not relevant to the instant motion and certification for interlocutory appeal. If it is held that FCA liability does not arise from claims to an MAO because a false statement therein is not material to payment given the funding structure of Medicare Advantage, it follows that the pleading of such a claim to a private MAO also would not satisfy the presentment requirement at the pleading stage.

(Doc. 135 at 9–10, n.3.) But as the Court explained, "[w]hile it is true that CMS payments to Medicare Advantage Organizations do not depend on the volume of claims, that does not mean such claims are not presented to the Government" because the presentment argument has to do with whether a recipient of Medicare Funds is receiving the payment. (Doc. 128 at 23.) These are different arguments, and a lack of presentment does not necessarily follow from a lack of materiality; for example, a false claim may be presented to a Medicare recipient without being material to a decision to pay out a claim. (*See id.*) And, as the Court has previously noted, "violations of the AKS and Stark Laws are material as a matter of law." *United States ex rel. Daugherty v. Bostwick Labs.*, No. 1:08-cv-354, 2012 U.S. Dist. LEXIS 178641, at *32 (S.D. Ohio Dec. 14, 2012) (citing *United States ex rel. Fry v. The Health Alliance of Greater Cincinnati*, 2008 U.S. Dist. LEXIS 102411, at *33 (S.D. Ohio, Dec. 18, 2008)). Because, as a matter of law, there is no materiality problem, certifying the question for an interlocutory appeal would be no more than asking the Court of Appeals for an advisory opinion.

5

And even if it were true and relevant that "[t]here is no case where the *Prather* exception has been applied when the alleged false certification … has no impact on federal payment and hence does not constitute a 'claim' for purposes of the FCA" (Doc. 135 at 11), the Court finds this to be an application of law to fact rather than a pure question of law.  The *Prather* exception, while narrow in scope, is a settled theory of pleading FCA liability; its narrowness does not automatically imply a difficult question of substantive law.  Applying the exception to a new scenario involving a MAO is merely an application of a settled theory to a slightly new set of facts.  This is a question that is "a mere matter of properly pleading a claim sought to be brought within a recognized and generally sufficient legal theory." *Dobronski*, 2025 U.S. Dist. LEXIS 216133, at \*3 (quoting Cooper, 16 Fed. Prac. & Prod. § 3931).

B.      **Grounds for substantial difference of opinion**

Second, the question does not present grounds for substantial difference of opinion.  While *Prather* has only been applied once at the Court of Appeals, the criterion for meeting this exception is clear: it applies when a relator "has pled facts which support a strong inference that a claim was submitted," *Prather*, 838 F.3d 750 at 769 (quoting *Chesbrough v. VPA. P.C.*, 655 F.3d 461, 471 (6th Cir. 2016)).  Furthermore, the Court of Appeals has made it clear that the exception will apply "even without the identification of a specific representative claim."  *United States v. Tenet Healthcare Corp.,* No. 24-1785, 2025 U.S. App. LEXIS 9727, at \*15 (6th Cir. Apr. 22, 2025). The question Defendants seek to certify involves applying *Prather* even if no representative claim was pleaded.  But the Court of Appeals has made it clear that *Prather* does apply in that situation if the Relators have adequate personal knowledge. The question, while narrow, is not a difficult one.

6

### C. Whether an interlocutory appeal would materially advance the litigation

Third, certifying an interlocutory appeal would not materially advance the litigation. Challenges to the sufficiency of a pleading "are not generally the appropriate subjects of interlocutory review, as 'a reversal [on interlocutory appeal] at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter.'" *Sharma v. Rent the Runway, Inc.*, 799 F. Supp. 3d 129, 149 (E.D.N.Y. 2025) (quoting *In re Facebook*, 986 F. Supp. 2d 524, 530 (E.D.N.Y. 2025)).

The sufficiency of the complaint can stand alone under the *Prather* exception, and the *Prather* exception does not present an appropriate question for certification. Therefore, the Court declines to address whether to certify the question of whether claims submitted to an MAO are claims submitted to a federal payor.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendants' motion to certify an interlocutory appeal. (Doc. 134.)

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**